May it please the Court, my name is Lynnell Nussbaum. I represent the appellant in this case, Amy Shorno. Amy Shorno obtained a no-contact order against Kevin Cannata for a history of sexual assault and assaults against her over a four and a half year period. Kevin Cannata and his parents responded by demanding damages from Amy and her husband Dan Shorno, claiming child sexual abuse against Kevin before he turned age 16, other inappropriate behavior and inappropriate counseling from ages 14 to 19, and including improper supervision of the child, including allowing him to smoke marijuana while he was in Amy Shorno's care. The Shornos tendered the demand letter to State Farm Insurance for defense. State Farm accepted Dan Shorno's tender, finding that there was both an occurrence and bodily injury. State Farm however denied coverage for Amy Shorno, citing only a claim for child sex abuse. It acknowledged that it was unclear whether there was bodily injury alleged, but concluded that there was no occurrence under the policy. Amy Shorno sued Kevin Cannata and his parents for the years of assaults and sexual assaults that she experienced from Kevin. In response, the Cannatas claimed contributory negligence by Amy Shorno, negligent supervision of a minor child, including permitting the use of marijuana, which resulted in drug addiction needing treatment. State Farm repeatedly denied the repeated tenders, citing only back to its original denial letter. The Washington state's law on an insurer's duty to defend is quite clear. Since we're going through the facts, it is my understanding that after the counterclaims were alleged or were filed, then they were, as you've suggested, tendered to the insurer. And then at that point, as I understand it, counsel tendered the counterclaims, but did not provide any other evidence. Is that correct? Your Honor, he tendered the counterclaims, he tendered the amended counterclaims, he also tendered... But he never gave any further evidence other than the counterclaims. I'm not aware of any specific additional evidence he gave. There was... Ever explained why the denial was wrong? There was, however, yes, there was a letter of more... What did the letter say? Because I've read the letter. I didn't ever find anything in there where he said why the denial was wrong. Your Honor, I don't know that if it was adequate or not in that letter. Nonetheless, the law... Adequate is not the question. I'm asking, did he ever say anything as to why it was wrong, except to tender the counterclaims? Because what I'm really looking at, judging this under Washington law, is that the court, in determining whether it is the duty to defend, has to look at the allegations that are made, and what the insurer did with the allegations made. So I have allegations from a letter prior to the counterclaim, and I have the counterclaims, and that's it. I don't have any other allegations. That's correct, Your Honor, but what you... So then I don't have any references to domestic relations cases, or psychology records, or anti-conspiracies. They were never given. That's incorrect, Your Honor. When were they given? They were given in part by Dan Sharnow in his initial interviews with the insurance company. The insurance company knew that there was a divorce action in place. The insurance company knew from Dan Sharnow... Well, Dan Sharnow had a different alleged allegations in the complaint against him, did he not? Dan Sharnow had negligence... He didn't have any abuse allegation against him. The best that could be said against him was a negligence action. That's correct, Your Honor. And the insurance company covered him, and in fact, entered into a settlement on his behalf. That's correct, Your Honor. But as to your particular client, I look at the letters and the counterclaims, because that's all they had. But, Your Honor, the law says that the letter and the counterclaims must be construed liberally. I agree. And if they allege facts that if proven would be covered, there's a duty to defend. So what facts were alleged that would have been covered? The facts that were alleged that would have been covered included Amy Sharnow's negligent supervision... That's not a fact. That's a legal theory. What facts were alleged? The facts were that Kevin Cannata was left in Amy Sharnow's care, and during the time she was left in Amy Sharnow's care, she permitted him to smoke marijuana. So how's that an accident? The accident would be that the accident would be negligently allowing him to smoke marijuana. No such thing. She's not alleged to have been negligent in supervising him so he was able to sneak away and smoke marijuana. She's alleged to have given him to him. She is also... That's not an accident, is it? Well, Your Honor, I believe it encompasses the possibility of negligence. Negligence, I believe, arises to an accident. The policy doesn't turn on negligence. The policy turns on accident. Where's the accident? The accident is in what occurred in also in the combination between these two people and the competing allegations here. The State Farm was aware that Amy Sharnow denied committing, perpetrating any sex abuse. Most policyholders do deny. No, Your Honor. That doesn't mean there's Indeed, throughout the cases that are cited for child sex abuse, all of those cases involve cases where the insured acknowledged the child sex abuse occurred and that they perpetrated it. They denied that they intended any damages. In this case, Amy Sharnow does not merely deny damages. She denies that she perpetrated any child sexual abuse. That, in fact, she was a victim of the sexual assaults of Kevin Cannata. In terms of the policy and coverage, how does that change anything? The accidents arise from the allegations of negligence, that it was accidents that she did not respond adequately, did not supervise him adequately, and that he, in return, committed intentional acts against her. That she did not adequately supervise him, and so he was able to commit these acts against her. And then he claims himself injured from having committed these acts, apparently, against her. The accidents also are that having, although the allegations are that she did participate in smoking marijuana with him, it is not an acknowledgment that she did so willingly. And that her allegations Whether she did so willingly or not, I still mystify as to how that changes whether or not there was an accident. The accidents, an occurrence turns on not merely accident, but also negligence. And when there are claims of negligence. Let's take a look at the policy. And point to me, please, where the policy supports the reading you just gave of it. I mean, I'm looking at your brief, which quotes the policy language on page 9, defines occurrence. I don't find the word negligence there any place. And I don't think I saw it any place in the policy. The Aaliyah London case involved allegations of negligence under a similar sort of policy. And the court found that negligence was a The claims of negligence overcame the policy's exclusion for injuries arising from intentional acts. That's a different issue. We're not talking about the exclusion right now. We're talking about the definition of what's covered in the first place. An occurrence is covered. And occurrence is defined in the policy as meaning an accident, which results blah, blah, blah, blah, blah. So I'm looking at the word accident. Your Honor, the State Farm found that there was an occurrence as to Dan Shornow. And Dan Shornow was also found to be negligently supervising Kevin Cannata to have allowed this interaction to have occurred. So the American flag has the color blue. Any flag that has the color blue necessarily has the colors red and white, too? I mean, I don't understand how that logically flows. But they are insured jointly on the same policy. Fine. And he's found by the State Farm to fall within this policy. And your client's conduct is not found to trigger the policy because nothing that I've heard about the facts alleged against your client. Now, we're not saying they're true. I mean, your client may well have been wrong. I'm not quarreling with you on that. But I still don't see what makes it an accident, what she's alleged to have done. The broadness of the allegations in this case cover four-and-a-half years of interaction. The four-and-a-half years... That cuts against the notion there was an accident. The injuries alleged, however, as well as the behavior is so broad and so vague that it encompasses accidents having occurred. The Cannatas put forth this case, came to trial once, and they put forth instructions on negligence, leading to the conclusion that there were accidents that occurred and injuries from accidents. The negligence, if she negligently failed to appropriately supervise him and he smoked marijuana with or without her knowledge, could have been an accident. If he was injured because of his behavior while she was supervising him, because of his intentional behavior, it could still be an accident as to what occurred between them. There was never even a deposition of Kevin Cannata, and so there are no specific incidents alleged leading to this broad claim of damages over a period of four-and-a-half years. Although there were intentional acts alleged, there were also negligent acts alleged. There was bodily injury and the State Farm acknowledged the claim for bodily injury is unclear. State Farm also knew that the divorce action of the competing claims against each other and those competing claims would allow a jury to reach a conclusion that somewhere in the sexual contact that we acknowledge occurred that Ms. Shornow may have been negligent or may have committed an accident resulting in some injury to Kevin Cannata. Any specific facts that point to accident? I mean, I'm having trouble even using my imagination coming up with something that seems to fit, but the question here is do we have any facts alleged that fit? Can you suggest to me some facts that fit the model of accident? In the claim letter, the Cannatas claimed that Amy Shornow would take the time to talk with Kevin and presumably counsel him. If her counseling of him led to him deciding that he could sexually assault her, that would be an accident. She never intended to give him permission or advise him or counsel him. I'm having trouble understanding a theory where there'd be a cause of action against her for that conduct. Well, in fact, it's stated in the claim. Now, I suggested that the cause of action was negligent supervision, which the court noted is a cause of action which State Farm completely overlooked when it adjusted this claim. The negligent supervision of Kevin Cannata could have permitted many accidents out of Ms. Shornow's negligence, including allowing him to smoke marijuana or not supervising him to prevent him from smoking marijuana. If he then smoked marijuana because of her negligence, because of her overlooking, it was not her necessarily intending that he smoke marijuana. If that is overlooked and that leads to his drug addiction needing medical treatment, which is what was claimed in the allegations, then that's bodily injury. Now, where is in this letter the suggestion that her negligent supervision permitted him to smoke marijuana? It's a combination, Your Honor, of the claim letter, which says that Ms. Shornow gave Kevin money to buy marijuana and often smoked it with him. That just doesn't sound like an accident to me. That does not sound like an accident. That isn't negligent supervision. Pardon me? That isn't negligent supervision. Nonetheless, in the counterclaims, there is a specific claim for negligent supervision, and that claim existed and remained in litigation for three years. And the negligent supervision encompasses all the paragraphs previously alleged in the counterclaims, which includes her allowing him to smoke marijuana in her home. What do I do with American economy versus the state of Wilker, which a good Washington case, 1999 case, that says, and I'm having the same trouble on accident, but it says allegedly negligent conduct that is close in proximity in time to sexual misconduct is intertwined with that conduct and deemed not negligent. What you do with that, Your Honor, is you have to view that in connection also then with the Schaeffer case, where there was a claim both for child sex abuse and for invasion of privacy. And the state of Washington, and I believe that was the federal court, stated that the insurance company must show. So the federal court was telling me what to do with Washington law? It was applying Washington law, Your Honor. Well, I understand, but that's why I didn't take too much from that case. I looked at the Washington Supreme Court case. Okay. And the other cases from the Washington Supreme Court include, well, first of all, the Schaeffer case involved a separate claim for invasion of privacy. And the court said that the insurance company must show, must demonstrate, has the burden of showing, that every claim of the invasion of privacy was inextricably bound up with sexual assault, and they were unable to do that over the period of time. Similarly, the state Supreme Court has said in a case involving a claim for negligence within sexual abuse, they found it was inextricably bound up, where the claim for negligence was one girl being able to see the offender offend against two other girls. What case was that? It said that occurred at the same time in the case. I mean, I looked at the Washington cases to try to look very carefully, because American economy is not necessarily law, which I am knowledgeable about. So I looked at it very carefully to try to, because even if one gets to negligent, it seems to me the Washington Supreme Court is saying with sexual misconduct, there is no such a thing as accident. Well, I think it distinguishes between the actual sexual misconduct and the other claims that may accompany claims of sexual misconduct. You might want to look at that while you're waiting. I may want to while I'm reserving the rest of my time for rebuttal, if I may, Your Honor. You may. Thank you. Thank you. Mr. Hampton. Good morning. Find the button. I have no idea where it is. What's that? It's below the desk. It's below the desk. Thank you. May it please the Court. Good morning. I'm Joseph Hampton, and I represent State Farm. I'm going to throw a question out there. How does a 35-year-old woman accidentally have sex with a 14-year-old boy? Judge Layton's rulings on the merits and on the procedural issues were correct and should be affirmed. Counsel didn't get to the procedural aspects, and I assume that they're not going to be addressed in her rebuttal. So I'll just say everything that the judge did was completely within the reasonable bounds of discretion on those procedural issues. I'm not going to address that further. The one word that best describes how we should approach addressing the merits of this is clarity, and it's quite clear that the allegations are clear, and the policy language is clear, and the Washington case law is clear. It's all abundantly clear. The policy says what it says, and plaintiff does not argue that it is ambiguous in any way. And this is policy language that's been adopted decades ago and applied for years, and in sex abuse cases it has been held not to apply. Irrespective of... Well, this isn't simply a sex abuse case. I mean, accidental conduct with regard to the sexual abuse is hard to discern, but in terms of negligent supervision permitting someone to smoke marijuana, that's not quite so impossible, is it? It is. I mean, you could have a negligent supervision case that was pure and simple. You said you're going to look after the kids. Turns out they're sneaking out to the bar and smoking, and that's negligent supervision. I understand that, Your Honor. But it doesn't work with respect to Amy Shornow. It may work with respect to Dan, who is alleged to have been a negligent actor. Amy deliberately, allegedly, provided illegal substances to Kevin Cannata for him to ingest. That's not an accident, as Your Honor recognized in the earlier part of the argument. But does the allegation made against the policyholder at some point in time get so broad as to cover something that could be deemed accidental conduct or an accident? I guess one could envision a case where that occurs. That's not this case. And if you look at the case law from Washington, it does say that when there's a course of conduct by an adult with a child and there is activity tending to groom the child for sexual activity, then even if there is some allegation of negligence bound up in there, the court says, no, we treat that all as an intentional act. And, in fact, in the cases where there has been grooming and there has been ongoing sexual contact, there is often provision of alcohol, provision of drugs, provision of cigarettes and so on to groom the child. And that is a deliberate, manipulative undertaking by the insured. And that is exactly what was alleged against Amy Shornow here. The allegations are that she was a controller and she pursued him and she manipulated him by using the things he wanted, like drugs. And one could expect that a 14-year-old boy with his hormones raging would want sex as well. And that's what she did. She pursued him with what she knew he wanted and she got what she wanted in return. To be clear, we're not making a judgment as to what actually happened. I think it's not State Farm's position that, in fact, the allegations made against her were true. You don't depend upon the truth of the allegations. Exactly, Your Honor. So I don't want to suggest that we're taking as a premise that the allegations are true, but the allegations are what they are. Now, in the sexual field, the Washington courts appear to have spoken and said, you can call it negligence all you want. If it's adjacent to or attached to sexual abuse, we're not buying it. Is that necessarily true with regard to other misconduct? And here I'm pointing toward marijuana, alcohol, anything else. I mean, it's not hard to put together a factual scenario where the 14-year-old, a 14-year-old boy in this situation decides that she can get away with a lot and grabs the car keys and goes out and drives the car and crashes. And she's the person, not necessarily this person, but the person in Amy's position is alleged to have negligently supervised because she left the car keys sitting out for this 14-year-old boy to grab. In that case, the insurance company would have a harder time saying, there's no accident here someplace, I suspect. And the question I'm ultimately getting to, and there is a question here someplace, at a point in time, the allegations against the policyholder did include the concept of negligence. Why at that point isn't the insurance company required to use its imagination to figure out if there's a plausible way that policy coverage could have been triggered based on the allegations then being made? Well, the Washington courts say that when there is a gratuitous allegation of negligence bound up in an obvious or a course of allegations of deliberate tortious conduct towards the victim, then the court doesn't look at the gratuitous or doesn't consider the gratuitous allegation of negligence for a purpose of triggering a duty to defend. I'm not as familiar with the Washington cases as you are. The cases I looked at included that proposition with regard to sexual abuse. Are there Washington cases that state that proposition in a different context? Not to my knowledge, Your Honor. I didn't look there in preparation for arguments. This case does go beyond sexual abuse. It does get specifically to marijuana use and things that don't bear all of the reverberations that sexual abuse of a minor might bear. Right. I understand that, Your Honor. But if you look at the Schwick case, I think it's from Minnesota, and we cited another case with regard to provision of illegal substances, we're not talking about an allegation that Kevin was left alone with Amy and that Amy didn't look after him and therefore he went out and got marijuana and smoked it. The allegations are that she helped him get it, that she got it for him, that she provided him money to get it. That's not an allegation of negligence. And that's why, in this particular case, throwing in the word negligence is absolutely gratuitous. Now, again, with respect to Dan Shorno, it may fit because the allegation was that he wasn't keeping track of what Amy was doing with Kevin when he was in their house. And therefore State Farm took his claim without making a judgment of whether he was responsible or not or whether it was ultimately coverage and helped him to negotiate a settlement of his liability, leaving Amy with the allegations that she was the actor throughout all of this. My question may be somewhat similar to Judge Clifton's, but I guess my worry is this. It seems to me that easy loader boat trailers makes the duty to defend pretty broad in Washington, and we're really looking at allegations, and if proven, would impose the liability on the insured. Then I look at what it is that was alleged. It seems to me there was an allegation alleged, injury to parent-child relationship. That talked about the sexual abuse, encouraging them to skip school, et cetera. Then there's a negligent infliction of emotional distress alleged and a negligent supervision alleged. Given the wide berth of what Washington needs someone to do in a duty to defend case, I'm having a tough time understanding how one could just automatically suggest that those don't lead to accident in the same situation. Your Honor, what you're referring to are allegations made by Kevin's parents. I understand. Nonetheless. Yes, Your Honor. You're on the hook. No, we're not. Here's why. Okay. Here's why. The parents and the child are different claimants altogether, and as you can see from the allegations that they have different types of claims. Kevin was abused and given drugs and manipulated, all those kind of things. The parents had emotional injuries that arose out of Amy's deliberate abuse of their son. The parents, in order for Amy to qualify to be defended from a claim made by the parents, the parents must allege the things that would trigger the duty to defend. And if we look broader beyond what just an accident is, we'll see there are other key elements in the policy. And those of us that call ourselves coverage geeks go through this a lot, and it goes like this. There's a duty to defend if the allegations of the complaint, taken as true, trigger coverage, would trigger coverage under the policy if proven. And so what you look at is what is the insuring language. And the insuring language says we will pay damages that the insurer becomes legally obligated to pay because of, in this case, bodily injury or property damage caused by an accident. Now, the parents do not have bodily injury. Bodily injury is defined by the policy. And as defined, it excludes emotional injury. They have an emotional injury, certainly, caused by Amy Shornow. But they don't have a bodily injury. And you have to take the two of them together in order to get the duty to defend in the first instance. And this actually brings me to a point that has to be brought out about the one Washington case that helps Amy Shornow, and that is a federal district court decision called Western Protectors versus Schaefer. The key distinction between Western Protectors and every other case that's cited is this. There was coverage in it, and it was personal injury coverage, which is different from bodily injury coverage. And even Judge Settle didn't say that there will be coverage under personal injury coverage under Western Protectors policy. He said that the coverage is ambiguous. It is ambiguously written in the policy, and therefore I'm going to find a duty to defend under that provision. State farms policy doesn't have PI coverage. It has only bodily injury coverage. And that's the type of coverage that's been addressed by our courts for 25 years. If you look back to Rodriguez versus Williams, that's where this started. And 25 years of consistent Washington law has been there is no coverage for sexual abuse of minors despite the protestations of the insured. And what's really interesting to look at, if you want to know whether this is a novel determination or an unusual determination or whether it's controversial, Rodriguez versus Williams is the only Washington Supreme Court case. The rest of them are all court of appeals cases. Rodriguez versus Williams set the tone. And the tone is this. We infer an intent to injure when there is an adult having sex with a minor. And all the court of appeals decisions after that followed lockstep in that, including the ones where the parents also brought a claim for destruction of the parent-child relationship. And the case you want to look at is the Allstate versus Culkin's case. Because in that case, the plaintiffs included, or excuse me, the underlying plaintiffs in the tort case included the parents and the minor. And the court said, irrespective of all these allegations and all these intent and all that other kind of stuff, there's no duty to provide coverage there. And interestingly, you'll hear a lot of discussion in appellant's brief about Kevin reaching the age of consent and reaching the age of majority and whatnot. Culkin's speaks directly to that because the plaintiff child in the underlying case was 17 years old when the sexual abuse began. And she was suing for abuse starting when she was 17 and continuing on past her 18th birthday. That's an even clearer case than what we have here when the sexual abuse started when Kevin was 14. And in that case, where the child is 17, our court of appeals is not troubled. It said, this is sex abuse. It falls under the Rodriguez versus Williams case. There is an inferred intent to injure. We don't cover that in Washington. Because there has been no discussion on the procedural issues, I'll let that lie. Unless your honors have any questions, I'll conclude my remarks early and ask you to affirm the trial court. Thank you. Thank you. Rebuttal? Ms. Nussbaum? Thank you. The Culkin's case, in fact, in Culkin's, all state insurance did provide a defense and then sought declaratory action under its reservation of rights. And that case also preceded the decisions in Truck and Wu and Alia London in which the Washington State Supreme Court greatly broadened the concept, the duty to defend and the insurer's duty to defend. It was the American economy, I call it the Wilker case, so I may be using the wrong name, is, in fact, a Washington court of appeals case. But that is the one in which they found the claims were inextricably bound because the only claims other than for child sexual abuse were for negligence in allowing a child to see the abuse of another child. But they said that occurred at the same time and in the same place, in the individual actions. There were no separate claims made at the same time. Under Schaeffer, it was a federal court, but it was the Western District of Washington, and applying Washington law, and it said separately that the insurer must prove that inextricable intertwining and where there were claims for, in addition to child sexual abuse, an invasion of privacy, that the insurer had to show that the invasion of privacy only occurred at the same time and same place as the child sexual abuse. And when it could not do so, then there was a duty to defend on those claims. Under Wu, it was not a child sexual abuse case, but it again demonstrated that the putting in of these false teeth for the patient occurred at the same time as the employment, and so it came within the coverage because it was exactly at the same time and same place. Many of these cases involve individual incidents as opposed to claims covering four and a half years. The coverage of this policy just excludes emotional distress unless it comes from bodily injury. And as to whether negligent supervision can be an accident, in this record we have a deposition of Richard Stewart, Carol Funk's supervisor from State Farm, when he was asked, is negligent supervision the basis of an accident? And his response was, it could be in certain circumstances. If it could be, then arguably that is an accident, and it does trigger the duty to defend. Were any facts alleged that would suggest something that was an accident? Now all we have here is a legal theory tossed out in a pleading. Were any facts ever alleged that suggest the conduct was, the alleged conduct was accidental? The facts alleged were many, many paragraphs. They include allowing this boy, they say he started smoking marijuana. As paragraph 8 of the, it would be document 21-4 in the excerpt of record, page 6. Paragraph 8 says, as Kevin Cannata gave up on his parents' dirt bike racing in school, he began using marijuana. After that alleges that Ms. Shorner provided him with money and purchased him drug paraphernalia, and occasionally she used marijuana with him. But he began smoking that marijuana and was doing so under her supervision, and that could have been accident that then led to his addiction. It could have been because he could have been doing it far more than she knew. It could have been far more, and that it could have been while he was skipping school and that all of these things led to his addiction to marijuana, which required medical treatment. His parents' emotional distress stemming from that would also then be covered in the policy. If there are ambiguity in the claims, there is a duty to defend under Washington law. It doesn't have to be ambiguity in the policy, but the ambiguity in applying that policy to the claims. In this case, we believe the duty to defend existed and should have been enacted, and we'd ask that the court reverse the district court in that manner. Thank you, Your Honor. Thank you. We thank both counsel for the argument. This case and all the others on today's calendar submitted for decision. That concludes today's calendar. We are adjourned.
judges: Clifton, Nr Smith, Cjj Korman (Edny), Dj